## Rees v. State.

### [73 South. 785, Division B.]

Homicide.  *Murder.  Question for jury.*

   Under the facts as set out in its opinion in this case the court held
      that the evidence was sufficient to go to the jury on the question
      as to whether or not defendant was guilty of murder.

Appeal from the circuit court of· Lamar county.
Hon. A. E. Weathersby, Judge..
.Sam. E. Rees was convicted of murder and appeals.
The facts are fully stated in the opinion of the court.

*Salter & Hathorn,* for appellant.

*Earle N. Floyd,* Assistant Attorney-General, for the
State.

Cook, P. J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted of
the murder of one Wiley Blackburn, in the circuit court
of Lamar county, and appeals from the judgment of
that court, sentencing him to imprisonment in the peni-
tentiary for the term of his natural life.

The attorney-general, and counsel for appellant are
so wide apart in their interpretation of the evidence
introduced at the trial that we have read the evidence
with unusual care. Counsel for appellant earnestly in-
sists that the evidence did not, in any respect, authorize

the trial court to submit the question of whether or not the defendant was guilty of murder to the determination of the jury. The attorney-general, on the other hand, as earnestly insists that the jury was fully warranted in returning the verdict it did return, and that no other verdict would be responsive to the evidence. It seems to us, if we eliminate the story of appellant of what occurred just a few minutes preceding the homicide, the verdict of the jury was inevitable. The evidence warranted the jury in believing that the killing was but the culmination of an old feud growing out of rivalry between appellant and the deceased in the newspaper business; that appellant had written and printed in his paper an article which the deceased believed was directed at him, and which he construed as a malicious and veiled attempt to bring him into contempt. The facts warranting this inference are gathered from defendant's own testimony. Defendant told the jury that the deceased had made several verbal assaults upon him about this article, and had invaded the sanctity of his person on more than one occasion. So, if we take the evidence colored by the previous aggressive acts and add deceased's aggressiveness on the fatal day, the impartial mind might reach the conclusion that appellant, smarting under the indignities of the past, determined then and there to end the matter, and deliberately shot and killed Mr. Blackburn, at a time when he was in no real or apparent danger of losing his life or receiving great bodily harm at the hands of deceased. The outstanding fact is that he killed an unarmed and defenseless man.

The court, we think, was liberal in his instructions to the jury, and especially in giving the instruction defining manslaughter, at the request of the state.

We, of course, are not authorized to give our verdict on the evidence, and what we have said is merely responsive to the argument of counsel.

*Affirmed.*